

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-26-2006

# Lynch v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1854

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lynch v. Philadelphia" (2006). *2006 Decisions*. Paper 696.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/696

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-1854
_____

JOHN LYNCH,
Appellant

v.

THE CITY OF PHILADELPHIA; THE PHILA PARKING
AUTHORITY; STEFFA METALS CO. INC; CENTURY AUTO PARTS CO.;
PHILA TRAFFIC COURT; KIM SULLIVAN, individually and in
her official capacity; DEE CHADWICK; individually and
in her official capacity; SHERRY KNOTTS, individually
and in her official capacity; REBECCA BECKLEY, individually
and in her official capacity; DARLENE SANDERS, individually
and in her official capacity; JOHN DOE, individually and
is Director of the Pennsylvania Department of Transportation;
ALLEN D. BIEHLER, individually and as Secretary of the
Pennsylvania Department of Transportation; PENNSYLVANIA
DEPARTMENT OF TRANSPORTATION

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 03-cv-03063)
District Judge: Honorable John R. Padova

_____

Submitted Under Third Circuit LAR 34.1(a)
June 2, 2006

BEFORE: McKEE, FUENTES and NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed July 26, 2006)

_____

OPINION

_____

PER CURIAM

John Lynch appeals from the order of the United States District Court for the Eastern District of Pennsylvania dismissing his complaint. We will affirm.

In his complaint, Lynch alleges that the Pennsylvania Department of Transportation ("PENNDOT") advised him in October 1996 that it was suspending his driver's license. The suspension was based on allegations that Lynch had provided false information on his driver's license application and had obtained an out-of-state license while his Pennsylvania license was suspended. Lynch challenged the suspension of his driver's license in state court. The Court of Common Pleas affirmed the suspension, but on April 2, 1998, the Commonwealth Court reversed the decision and ordered PENNDOT to restore Lynch's license. PENNDOT did not comply with the order and did not correct Lynch's driving record, despite Lynch's repeated requests. As a result, Lynch was issued numerous driving and parking citations for driving with a suspended license. Further, as a result of the citations, the City of Philadelphia, Steffa Metals Co. Inc., and Century Auto Parts seized Lynch's vehicles on eight occasions, beginning on May 4, 2001 through February 2003. Some of the vehicles were retained, some were sold, and some were returned to Lynch. Of the vehicles that Lynch retrieved, one was damaged, and two

2

contained personal items that were lost. In the interim, on January 31, 2003, Lynch appeared before the Philadelphia Traffic Court to review the outstanding citations and the confiscation of his vehicles. He was found guilty of violating the City's traffic code and was sentenced to six months of incarceration, to be served immediately.

Lynch initiated this action by filing a pro se complaint in the Philadelphia County Court of Common Pleas in December 2002, as amended in April 2003, naming as defendants the City of Philadelphia ("the City"), the Philadelphia Traffic Court, the Philadelphia Parking Authority, Century Auto Parts, Inc. ("Century Auto Parts"), and Steffa Metals Co. ("Steffa Metals"). On May 13, 2003, the City removed the civil rights complaint to federal court. By agreement of the parties, the District Court dismissed the complaint on August 19, 2003, without prejudice to Lynch's filing a counseled amended complaint.

On September 22, 2003, through counsel, Lynch filed a second amended complaint pursuant to 42 U.S.C. § 1983. The second amended complaint asserted claims against PENNDOT and several PENNDOT employees ("Commonwealth defendants"), and specifically deleted the claims against the City and other defendants. Lynch's attorney later filed a motion for leave to file a third amended complaint, explaining that the claims against the City and other defendants were deleted from the action in error. Counsel attached a proposed third amended complaint (mistitled "Second Amended Complaint"), incorporating by reference Lynch's prior pro se complaint and amended

complaint. Meanwhile, the City and other defendants filed motions to dismiss, which the District Court ultimately dismissed as moot, because the second amended complaint did not assert any claims against those defendants. By order entered October 30, 2003, the District Court denied Lynch's motion for leave to file a third amended complaint, noting that it would grant leave to file another amended complaint only if the proposed amended complaint were self-contained and in compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Lynch's counsel filed a motion for leave to withdraw representation. The Commonwealth defendants filed a motion to dismiss the second amended complaint, to which Lynch filed a counseled response. By order entered February 9, 2004, the District Court granted the Commonwealth defendants' motion and dismissed the case. The District Court noted that Lynch had conceded that PENNDOT is immune from suit under the Eleventh Amendment and that the individual defendants cannot be sued for damages in their official capacities. Further, the District Court dismissed the case on the basis that Lynch's claims against the Commonwealth defendants were barred by the statute of limitations. On February 20, 2004, the District Court denied Lynch's motion for reconsideration. This appeal followed.[1]

---

[1] On April 21, 2004, counsel for the Philadelphia Parking Authority withdrew his appearance, attaching a copy of a General Release Agreement of all Claims against the Parking Authority, executed by Lynch.

4

We have appellate jurisdiction under 28 U.S.C. § 1291.[2] We review the denial of a motion for leave to file a third amended complaint for an abuse of discretion. See In re Westinghouse Securities Litigation, 90 F.3d 696, 702 (3d Cir. 1996) (reviewing dismissal of claims under Rule 8). We exercise plenary review over the District Court's order granting the motion to dismiss the complaint as barred by the statute of limitations. Algrant v. Evergreen Valley Nurseries Ltd. Partnership, 126 F.3d 178, 181 (3d Cir. 1997).

Upon careful review of the record and the submissions on appeal, we will affirm for substantially the same reasons given by the District Court. Regarding the City and other defendants, Lynch argues that the District Court erred in substituting the Commonwealth defendants in their stead. However, the record does not reflect that the District Court made any such substitution of parties. Rather, Lynch himself, through counsel, filed the second amended complaint with the express purpose of dismissing certain defendants and substituting new defendants.[3] Thus, the second amended complaint does not assert any claims against the City, the Philadelphia Parking Authority,

---

[2] We note that Lynch's pro se notice of appeal initially appeared to be untimely filed. On November 2, 2004, we remanded the matter for the District Court's consideration of whether Lynch's letter filed with his notice of appeal presented grounds for relief as a timely motion under Rule 4(a)(5), Federal Rules of Appellate Procedure. The District Court granted Lynch's Rule 4(a)(5) motion on January 21, 2005.

[3] In paragraph 7 of the second amended complaint, Lynch alleges, "Plaintiff amends the Complaint to delete the aforementioned Defendants [the City, the Philadelphia Traffic Court, the Philadelphia Parking Authority, Century Auto Parts, and Steffa Metals] and substitutes therein the following Defendants [the Commonwealth defendants]." Supplemental Appendix of Appellee City of Philadelphia at S.A. 22.

Steffa Metals, and Century Auto Parts. In addition, Lynch argues that the District Court erred in denying his motion for leave to file a third amended complaint, in which counsel attempted to reinstate the deleted claims by incorporating by reference Lynch's two prior pro se complaints. We conclude that it was within the District Court's discretion to require counsel to file an amended complaint in compliance with Rules 8 and 10 regarding "short and plain" statements of claim, with "simple, concise, and direct" averments, with the contents limited as far as practicable to a "statement of a single set of circumstances." Fed. R. Civ. P. 8(a), 8(e)(1), 10(b). We recognize that pro se complaints are held to less stringent standards than those filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Lynch was represented by counsel at the time he sought permission to file his third amended complaint. The District Court did not err in rejecting the proposed third amended complaint because it contained portions that were drafted by Lynch pro se that were not in compliance with the Federal Rules of Civil Procedure. Moreover, we note that more than three months passed after the denial of Lynch's motion to file a third amended complaint before the action was ultimately dismissed. Lynch made no attempt to file a compliant third amended complaint despite the District Court's invitation to do so in its October 30, 2003 order.

As for the claims asserted against the Commonwealth defendants, we agree with the District Court's assessment that the statute of limitations began to run (at the latest) on May 4, 2001 at the time of the first vehicle seizure, when Lynch should have realized that

PENNDOT still had not complied with the Commonwealth Court's order. The two-year limitations period would have expired several months before Lynch filed his second amended complaint in September 2003 and added allegations against the Commonwealth defendants for the first time. Relying on counsel's arguments presented in District Court, Lynch asserts that the Commonwealth defendants' failure to correct his driving record was a continuing violation, causing the City repeatedly to issue driving citations and to confiscate his vehicles between May 2001 and early 2003. Thus, Lynch contends that his claims are not time-barred because he filed his complaint within two years of the latest of that series of related events. Citing Cowell v. Palmer Township, 263 F.3d 286, 292 (3d Cir. 2001), the District Court considered the factors for applying the continuing violations doctrine but declined to apply the doctrine to Lynch's case. We agree with the District Court's conclusion. As explained by the District Court, a continued failure to act does not constitute a continuing violation. See id. at 293. Lynch's second amended complaint alleged only inaction by the Commonwealth defendants, that is, the continued failure to comply with the Commonwealth Court's order. The repeated affirmative acts of wrongdoing were allegedly performed by others; as such, they do not extend the limitations period for filing suit against the Commonwealth defendants.

We have considered the arguments made by Lynch on appeal and find them to be

7

without merit.  Lynch's motion for leave to file a supplemental reply brief is granted.[4]

Lynch's motion for leave to file a supplemental appendix is denied to the extent that it

includes material outside of the record on appeal.  See Fed. R. App. P. 10(a).  We will

affirm the judgment of the District Court.

---

[4] In his supplemental reply brief, Lynch asks us to examine the transcript of the hearing that took place in District Court on August 19, 2003, asserting that counsel stated that PENNDOT appeared to be a defendant that needed to be added, not substituted, in the case.  No transcript was made of that hearing.  To the extent that Lynch requests that a transcript be made, we deny the request.  Regardless of what was stated at the hearing, as noted earlier, the second amended complaint submitted by Lynch's former counsel specifically substituted the Commonwealth defendants in place of the City and other defendants.  Insofar as Lynch repeats his argument that the substitution of parties was erroneous, we again note that this error is not attributable to the District Court.